# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Mitchell David Holbach, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No: 3:14-cv-6 |
| vs. | ) |
| | ) |
| Maggie Anderson, Executive Director of | ) **REPORT AND RECOMMENDATION** |
| the North Dakota Department of Human | ) **AND ORDER** |
| Services, and Alex C. Schweitzer, | ) |
| Administrator of the North Dakota | ) |
| State Hospital, | ) |
| | ) |
| Respondents. | ) |

Petitioner Mitchell David Holbach ("Holbach") filed a petition for habeas relief under 28 U.S.C. § 2241 challenging his pretrial detention at the North Dakota State Hospital. (Doc. #2). In his petition Holbach states he has been held for nearly three years without a trial, and that either his bail is excessive or he was denied bail. Id. at pp. 1-2. Holbach also challenges the conditions of his confinement at the North Dakota State Hospital, and he attempts to bring challenges to convictions that are not the subject of the instant section 2241 petition. Id. at pp. 2-6. The court ordered the petition be served upon the respondents, and that the respondents file a response to Holbach's "petition for habeas relief under 28 U.S.C. § 2241 challenging his pretrial detention at the North Dakota State Hospital." (Doc. #6).

Thereafter, Holbach filed a motion for injunctive relief in which he states, "In this . . . action the Petitioner Mitchell David Holbach filed a petition for Habeas Corpus relief under 28 U.S.C. § 2241 challenging his pretrial detention." (Doc. #7, p. 2). In the motion Holbach contends the State of North Dakota recently filed a petition for his civil commitment and he fears he will be forcibly medicated. Id. at pp. 2-3. Holbach requests this court to enjoin the

respondents from forcibly medicating him until after the instant petition for habeas relief is decided and the underlying criminal matter is complete. Id. Holbach also requests the petition for his civil commitment be removed to this court. Id. at p. 3.

The respondents mischaracterized Holbach's petition as being brought pursuant to 28 U.S.C. § 2254 despite the court's clear directive in the order for service. The respondents filed a response (Doc. #9) and motion to dismiss the section "2254" petition (Doc. #10). Holbach did not respond to the motion to dismiss, but instead filed a "complaint and objection" in which he requests, among other things, his immediate release. (Doc. #13). Holbach also filed motions to appoint counsel, a motion to add additional "defendants," a motion to summon a grand jury to investigate state officials' actions, a motion for an evidentiary hearing, a motion to add additional respondents, and a motion to expand the record. (Doc. #14, Doc. #18, Doc. #19).

**Law and Discussion**

In his habeas petition Holbach clearly challenges his pretrial detention at the North Dakota State Hospital. Holbach contends he has been held without a trial and "without bail and under excessive bail" for nearly three years, and he demands his release. (Doc. #2, pp. 1-2, 6). He specifically states he is challenging his pretrial detention under 28 U.S.C. § 2241 in his motion for injunctive relief. (Doc. #7, p. 2). However, it is also clear that Holbach is attempting to challenge previous convictions for which he claims to be innocent and the conditions of his confinement. (Doc. #2, pp. 2-6).

1.   Challenges to Previous Convictions

To the extent Holbach challenges state convictions and is in custody pursuant to state court judgments of conviction, Holbach "can only obtain habeas relief through § 2254." Couch

2

v. Norris, 251 F.3d 720, 723 (8th Cir. 2001). Accordingly, it is **RECOMMENDED** that Holbach's challenges to previous convictions be **DISMISSED** without prejudice.

The court notes that even if Holbach had filed a habeas petition pursuant to section 2254 this court would be without jurisdiction to address his challenges to previous convictions because there is no indication Holbach received authorization from the Eighth Circuit Court of Appeals to file a second or successive habeas petition challenging the convictions that have previously been before this court. See Holbach v. Warden, D.N.D. Case No. 1:10-cv-63, Doc. # 28, Doc #35 (Holbach's convictions for stalking have been presented to the court in previous section 2254 petitions and have been dismissed with prejudice); see also 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Cases (Before a second or successive petition for habeas relief is filed in the district court, the petitioner must obtain an order from the appropriate court of appeals authorizing him to file the second or successive petition.); Burton v. Stewart, 549 U.S. 147 (2007) (The court is without jurisdiction to consider second or successive section 2254 petitions if the petitioner did not receive authorization from the appropriate court of appeals.).

2.  Challenges to Conditions of Confinement

In his habeas petition Holbach contends he is being forcibly medicated, he is held in isolation, and he is denied access to legal materials and personal property. (Doc. #2, p. 2). The proper remedy for challenges to conditions of confinement is to bring a claim in a separate case pursuant to the Civil Rights Act, 42 U.S.C. § 1983. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). The court notes that Holbach is a serial litigator and is subject to the Prison Litigation Reform Act's (PLRA) "three strikes" provision, codified at 28 U.S.C. § 1915(g). Holbach can

3

not circumvent the PLRA by bootstrapping his conditions of confinement claims to the issues raised in this habeas action. It is **RECOMMENDED** that Holbach's claims challenging the conditions of his confinement be **DISMISSED** without prejudice.

3.  Challenges to Pretrial Detention

Federal courts have held that a state pretrial detainee seeking habeas relief under § 2241 ordinarily must exhaust his remedies in state court. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987). Respondents contend that Holbach has not exhausted his state remedies. The state court docket indicates Holbach has raised his claims before the state district court.[1] See Resp. Ex. #1, Doc. ID# 66, 82, 85, 88, 92, 108, 118, 122, 126, 127, 130, 147, 148, 150, 151, 153, 156, 159, 160, 161, 162, 164, 165, 170, 171, 173, 174, 194, 205, 219, 243, 245, 251, 267, 270, 279, 282, 287, 293, 297, 300, 314, 617, 623, 656, 698, 711, 812, 815, 824, 855, 894, 907 (motions regarding bond or bail); 366, 629, 631, 653, 677 (motions regarding speedy trial). However, it does not appear Holbach raised his claims before the North Dakota Supreme Court. (See Resp. Ex. #8, Brief of Appellant; Resp. Ex. #10, Supplemental Brief). Holbach concedes he has not exhausted his state remedies, but avers he cannot do so because the state court proceedings are "suspended." (Doc. #17, p. 4).

Regardless of whether Holbach exhausted his claims, "federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, Mo., 197 F.3d 321, 325 (8th Cir. 1999) (citing Younger v. Harris, 401 U.S. 37, 43-44 (1971); see also Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial

---

[1] Respondents did not provide the state court documents referenced in the docket.

processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.")). Courts have found extraordinary circumstances existed where a speedy trial claim was raised or where double jeopardy was at issue. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488 (1973) (speedy trial); Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir.1992) (citing Palmer v. Clarke, 961 F.2d 771, 774 (8th Cir. 1992)) (double jeopardy).

In Braden v. 30th Judicial Circuit Court of Kentucky, the petitioner was allowed to proceed with his speedy trial claim where he sought "only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him to trial." 410 U.S. 484, 489-90 (1973). Holbach does not request that he be brought to trial; rather he seeks "[e]xoneration," "[f]reedom," and his "immediate release." (Doc. #2, p. 6; Doc. #13, pp. 1, 5). Holbach can raise a speedy trial defense when and if he is brought to trial. "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489. A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Id. at 483. No extraordinary or special circumstance exists that would warrant this court's interference in the state's criminal processes.

Additionally, nothing warrants this courts's interference into the state criminal proceedings with regard to Holbach's claim that he is being held "without bail and under excessive bail." (Doc. #2, p. 2). Notably, Holbach is confined at the North Dakota State Hospital pursuant to an order for commitment after the state court found he lacks fitness to proceed. (Resp. Ex. # 6, Order for Commitment); Holbach v. State, 2014 ND 14, ¶ 21, 842 N.W.2d 328, 335 (affirming the order for commitment as modified "to require that Holbach's continued

pretrial detention at the State Hospital be determined under the statutory procedures and safeguards of N.D.C.C. ch. 25–03.1"). Holbach is not entitled to the habeas relief he seeks.

No extraordinary or special circumstance exists that would warrant this court's interference in the state's criminal processes with regard to either of Holbach's claims. It is **RECOMMENDED** that the respondents' motion to dismiss be **GRANTED** on other grounds, and Holbach's petition for habeas relief be **DISMISSED** without prejudice. It is further **RECOMMENDED** that Holbach's motions for an evidentiary hearing and to expand the record be **DENIED**.

4. Motions for Injunctive Relief and for Removal

Holbach seeks an injunction prohibiting the state from medicating him against his will, and he requests that the state petition for his civil commitment be removed to this court. (Doc. #7, p. 3). As noted above, Holbach's challenge to the conditions of his confinement is not appropriate in this action, and neither is his request to have his civil commitment case removed to this court. It is **RECOMMENDED** that Holbach's motions for injunctive relief and for removal be **DENIED**.

5. Motion to Appoint Counsel, Motions to Add Defendants and Respondents, Motion to Summon a Grand Jury, and Request for Sanctions

In his motions Holbach requests counsel to assist him in conducting discovery and for the "preparation and presentation of documentary evidence"; he seeks to add Ward County Correctional Center Penny Erickson, Ward County Sheriff Steve Kukowski, and North Dakota Attorney General Wayne Stenehjem as defendants or respondents, and he requests an "order summoning a grand jury to investigate" employees of the state. (Doc. #14, p. 2, Doc. #19). A

habeas petitioner has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). To evaluate whether a petitioner needs court appointed counsel, the court must consider the factual and legal complexity of the case, as well as the petitioner's ability to investigate and articulate his claims without appointed counsel. Id. Holbach's case is not factually or legally complex, and although Holbach's petition goes beyond the scope of a habeas action, he has articulated the facts he wants the court to consider in support of his claims. In its discretion the court finds the appointment of counsel is not warranted. It is **ORDERED** that Holbach's motions for counsel are **DENIED**. To the extent Holbach seeks discovery, his request is **DENIED**. Holbach can obtain discovery in his state criminal case with the assistance of his counsel in that action.

The docket reflects that Holbach is currently confined at the North Dakota State Hospital. If Holbach is confined at the North Dakota State Hospital, the individuals Holbach seeks to add as parties to this action do not have the power to release Holbach from his pretrial detention. Holbach's motions to add parties are **DENIED**. Holbach contends in his second motion that he is now confined at the Ward County Correctional Center. (Doc. #19, p. 1). In the event that this action proceeds forward, the court will order the docket be amended to reflect the proper custodian of Holbach as the respondent.

A private citizen does not have a constitutional or any other right to a criminal investigation. Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the

prosecution or nonprosecution of another."). Holbach does not have a constitutional right to a criminal investigation by a grand jury, and in any event his request is not appropriate within the context of this habeas action. Holbach's motion to summon a grand jury is **DENIED**.

Finally, Holbach states in an affidavit submitted to the court that "sanctions on counsel . . . [are] appropriate in this case, [because] the evidence shows an effort to ignore, conceal, or suppress evidence of actual innocence." (Doc. #17, p. 4). The court finds no justification for sanctions. Holbach's request for sanctions is **DENIED**.

## Conclusion

For the reasons articulated above it is **RECOMMENDED** that:

1)  The respondents' motion to dismiss (Doc. #10) be **GRANTED** on other grounds;

2)  Holbach's petition for habeas relief (Doc. #2) be **DISMISSED** without prejudice, including the claims related to the conditions of Holbach's confinement and his challenges to previous convictions, in addition to those claims that were properly raised in the section 2241 petition;

3)  Holbach's motion for an evidentiary hearing (Doc. #18) be **DENIED**;

4)  Holbach's motion to expand the record (Doc. #19) be **DENIED**;

5)  Holbach's motion for injunctive relief (Doc. #7) be **DENIED**;

6)  Holbach's motion for removal (Doc. #8) be **DENIED**; and

7)  The court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.

For the reasons articulated above it is **ORDERED** that:

1)  Holbach's motions for counsel (Doc. #14, Doc. #19) are **DENIED**;

2) Holbach's request for discovery is **DENIED**;

3) Holbach's motions to add additional respondents and defendants (Doc. #14, Doc. #19) are **DENIED**;

4) Holbach's motion to summon a grand jury (Doc. #14) is **DENIED**; and

5) Holbach's request for sanctions is **DENIED**.

Dated this 19th day of August, 2014.

      /s/ *Karen K. Klein*
      Karen K. Klein
      United States Magistrate Judge

**Notice of Right to Object**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and Order by filing with the Clerk of Court no later than **September 2, 2014**, a pleading specifically identifying those portions of the Report and Recommendation and Order to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.